IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-00053-MSK-BNB

MAJOR JON MICHAEL SCOTT,

Plaintiff,

v.

THE CITY AND COUNTY OF DENVER,

Defendant.

_____

## ORDER
_____

This matter arises on the parties' **Joint Motion to Amend Scheduling Order** [Doc. # 25, filed 7/31/2012] (the "Motion for Extension"), which is GRANTED IN PART as specified.

The parties seek essentially a 60 day extension of all pretrial deadlines, including the dispositive motion deadline. As grounds, the parties assert:

(1) The plaintiff filed a motion to compel production (on July 27, 2012) which has been set for hearing on August 28, 2012. Consequently, "[p]laintiff will not receive any documents that may result from such motion until after that time," Motion for Extension [Doc. # 25] at ¶2;

(2) Defendant's counsel "is not available to defend any deposition until late August," id. at ¶3; and

(3) Plaintiff's counsel have a trial in another matter beginning September 4, 2012, scheduled for three weeks. "Plaintiff's counsel will thus be preparing for trial in *late August, and will not be available* for depositions until late September or early October." Id. at ¶4 (original emphasis).

Generally, "press of other business" does not constitute good cause to modify a scheduling order. MSK Civ. Practice Standards II.G. In addition, with respect to the request to extend the dispositive motion deadline by 60 days:

> **Requests for modification of deadlines set by the Scheduling Order will be referred to the Magistrate Judge for resolution. However, any request to extend the dispositive motion deadline more than 30 days beyond the deadline originally set in the initial Scheduling Order must show exceptional circumstances warranting the extension.**

Trial Preparation Order--Civil [Doc. # 15] at p. 2 (original emphasis); <u>accord</u> Scheduling Order [Doc. # 14] at pp. 6, 13.

Any timing issues arising from the plaintiff's motion to compel are of the plaintiff's making. Although the discovery to which the motion to compel is directed was served on March 28, 2012, the motion was not filed until July 27, 2012, approximately four months later. The hearing on the motion to compel is set to occur approximately one month after the motion was filed, which allows the defendant a reasonable amount of time to respond and the court time to prepare for the hearing.

I do not approve of the parties' apparent agreement to postpone depositions until "late August" due to defense counsel's scheduling conflicts. If counsel is too busy to meet its obligations in this case, he should obtain the assistance of other members of the City Attorney's office or engage co-counsel.

The press of other business, including defense counsel's unavailability to defend depositions until late August and plaintiff's counsel's obligations in another case, is neither good cause nor exceptional circumstances sufficient to justify a 60 day extension of deadlines. I will, however, extend the pretrial deadlines within the limits imposed by the district judge in an

attempt to accommodate the parties' needs.

    IT IS ORDERED:

    (1)    The Motion for Extension [Doc. # 25] is GRANTED IN PART; and

    (2)    The Scheduling Order [Doc. # 14] is modified to the following extent:

    Discovery Cut-Off:    January 14, 2012.

    (All discovery must be completed by the discovery cut-off. All written discovery must be served so that responses are due on or before the discovery cut-off.)

    Dispositive Motions Deadline:    January 14, 2013.

    Expert Disclosures:

    (a)    The parties shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before October 19, 2012;

    (b)    The parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before November 15, 2012.

Dated August 2, 2012.

    BY THE COURT:

    s/ Boyd N. Boland  
    United States Magistrate Judge