IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-00053-MSK-BNB

MAJOR JON MICHAEL SCOTT,

Plaintiff,

v.

THE CITY AND COUNTY OF DENVER,

Defendant.
_____

**ORDER**
_____

This matter arises on the following:

(1)     **Plaintiff's Motion to Amend Scheduling Order to Permit Additional Depositions** [Doc. # 47, filed 11/19/2012] (the "Motion for Depositions"); and

(2)     **Defendant's Opposed Motion to Compel Independent Examination of Plaintiff Pursuant to Fed. R. Civ. P. 35** [Doc. # 49, filed 11/21/2012] (the "Rule 35 Motion").

I held a hearing on the motions this morning and made rulings on the record, which are incorporated here.

IT IS ORDERED:

(1)     The Motion for Depositions [Doc. # 47] is GRANTED IN PART as specified. On or before December 14, 2012, the defendant must identify each person who had direct contact with the plaintiff and who will be called as a witness at trial by the defendant to testify that the defendant had effective communication skills. The plaintiff may depose any or all of the people identified by the defendant, no matter how many, but the depositions taken pursuant to this

Order may not exceed a total of 20 hours. These depositions, no matter how many people are examined, shall count as two of the plaintiff's ten allowed depositions. All depositions must be completed by the discovery cut-off.

    2.    The Rule 35 Motion [Doc. # 49] is GRANTED as specified. The plaintiff shall submit to an examination:

    (a) to occur in Denver, Colorado, at a location selected by the defendant. The location shall include a secure interview room, which is capable of being monitored, either through a glass partition or by video feed;

    (b) at a date and time as the parties may agree, but no later than January 14, 2013;

    (c) to be conducted by Dr. Brenda Schick;

    (d) to obtain an objective measurement of the plaintiff's ability to communicate and his language skills and to obtain information necessary to rebut the opinions of Dr. Jean Andrews, plaintiff's expert. The examination is not to be conducted in such a manner as to constitute a de facto deposition; and

    (e) which may be observed by Ms. Lucas in the same manner that it is observed by the plaintiff's guard or jailer. Ms. Lucas may not address the plaintiff or Dr. Schick during the examination and may not make any objection during the course of the examination.

Dated November 30, 2012.

BY THE COURT:

 s/ Boyd N. Boland  
United States Magistrate Judge