IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-00053-MSK-BNB

MAJOR JON MICHAEL SCOTT,

Plaintiff,

v.

THE CITY AND COUNTY OF DENVER,

Defendant.

_____

**ORDER**
_____

By an Order [Doc. # 53], I granted the Defendant's Opposed Motion to Compel Independent Examination of Plaintiff Pursuant to Fed. R. Civ. P. 35 and required the plaintiff to submit to an examination:

    (a) to occur in Denver, Colorado, at a location selected by the defendant. The location shall include a secure interview room, which is capable of being monitored, either through a glass partition or by video feed;

    (b) at a date and time as the parties may agree, but no later than January 14, 2013;

    (c) to be conducted by Dr. Brenda Schick;

    (d) to obtain an objective measurement of the plaintiff's ability to communicate and his language skills and to obtain information necessary to rebut the opinions of Dr. Jean Andrews, plaintiff's expert. The examination is not to be conducted in such a manner as to constitute a de facto deposition; and

(e) which may be observed by Ms. Lucas in the same manner as it is observed by the plaintiff's guard or jailer.  Ms. Lucas may not address the plaintiff or Dr. Schick during the examination and may not make any objection during the course of the examination.

On December 12, 2012, at the parties' request, I entered a Supplemental Order [Doc. # 68] requiring the Department of Correction ("DOC") to transport the plaintiff to a Denver Police Department holding cell for the purpose of allowing the Rule 35 examination to occur. Apparently, the Supplemental Order was ineffective.  Now, without opposition from the plaintiff, the defendant requests an order (1) requiring the DOC to transport the plaintiff to its Denver Reception and Diagnostic Center ("DRDC"), (2) transferring custody of the plaintiff from the DOC to the Denver Sheriff's Department, (3) requiring the sheriff to transport the plaintiff to Denver Police Headquarters for the examination, (4) and requiring the sheriff to transport the plaintiff back to DRDC and to the custody of the DOC.  Defendant's Unopposed Motion for an Order to Transport Plaintiff [Doc. # 69, filed 12/14/2012] (the "Motion").

I am not a jailor, but the requested order asks me to impose my will into the safekeeping of the plaintiff in a manner I find inappropriate.  No authority is provided indicating that I am authorized to order the transfer of custody among state police agencies.

On a proper motion and with supporting authority, I will consider issuing a writ of habeas corpus ad testificandum or other appropriate assistance.

IT IS ORDERED that the Motion [Doc. # 69] is DENIED.

Dated December 17, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge